# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| TRACY PHIL CHASTAIN,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER BARBER and WARDEN DARRELL J. HART,<br><br>    Defendants. | Civil Action No. 7:09-CV-26 |

## ORDER

This case is before the Court on a Recommendation from United States Magistrate Judge Thomas Q. Langstaff (Doc. 30), entered on August 19, 2010. The Magistrate Judge recommends that the Motion for Summary Judgment (Doc. 18) filed by Defendants be granted, in part, and denied, in part.

Defendants have filed an objection (Doc. 31) as to the recommendation to deny the Motion for Summary Judgment with regard to Plaintiff's excessive force claim against Defendant Barber. The Court has made a *de novo* review of the portion of the Recommendation to which Defendants object.

The Court agrees with the Magistrate Judge that there is an issue of fact remaining with regard to the excessive force claim. Plaintiff testified during his deposition that Defendant Barber hit him and kicked him while Plaintiff was handcuffed and not resisting. While Defendant Barber, not surprisingly, swears that

he did not use any force against Plaintiff, it is for a jury to decide whose version of the facts are credible.

Defendants also argue that any compensatory or punitive damage claim is barred by the Prison Litigation Reform Act ("PLRA") because any injuries suffered by Plaintiff were *de minimis*.

Under the PLRA, a prisoner is precluded from bringing a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical harm." 42 U.S.C. § 1997e(e). If a prisoner cannot show anything more than mental or emotional suffering, he is prohibited from obtaining compensatory or punitive damages. Harris v. Garner, 190 F.3d 1279, 1286-87 (11th Cir. 1999), *vacated in part and reinstated in part*, Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000) (*en banc*).

Plaintiff testified that he suffered "minor bruises" as a result of the alleged beating by Defendant Barber. Minor bruising, without anything more, is considered a *de minimis* injury. *See* Nolin v. Isbell, 207 F.3d 1253, 1258 n. 4 (11th Cir. 2000). Nevertheless, Plaintiff may still be entitled to receive nominal damages. *See* Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003). Thus, Plaintiff will be restricted at the trial of this case to a claim for nominal damages. He will not be allowed to request compensatory or punitive damages from the jury.

The Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge, as modified by this Order. Defendants'

Motion for Summary Judgment (Doc. 18) is granted, in part, and denied, in part. This case will be set on the October 2010 trial calendar.

**SO ORDERED**, this the 9th day of September, 2010.

/s/ Hugh Lawson
**HUGH LAWSON, SENIOR JUDGE**

mbh